UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────

EVELYN TENNYSON,

                            **Plaintiff,**

v.                                                                5:16-cv-00929(NAM/ATB)

**POLICE OFFICER KELSEY FRANCEMONE sued
herein in her capacity as an individual,**

                            **Defendant.**
───────────────────────────────────────────

**APPEARANCES:**

Fred B. Lichtmacher
The Law Office of Fred Lichtmacher P.C.
116 West 23rd Street, Suite 500
New York, NY 10011
–and–
Steven T. Halperin
18 E. 48th Street, Suite 1001
New York, NY 10017
*Attorneys for Plaintiff*

Corporation Counsel of the City of Syracuse
Todd M. Long, Assistant Corporation Counsel
233 East Washington Street, Suite 300
Syracuse, NY 13202
–and–
Hancock & Estabrook, LLP
John G. Powers
Mary L. D'Agostino
1800 AXA Tower I
100 Madison Street
 Syracuse, NY 13202
*Attorneys for Defendant*

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

                          **MEMORANDUM-DECISION AND ORDER**

I.   **INTRODUCTION**

Plaintiff Evelyn Tennyson brings this action against Defendant under 42 U.S.C. § 1983 as a result of an incident on June 19, 2016 in Syracuse, New York, wherein Defendant Police Officer Kelsey Francemone allegedly fired her weapon and struck Plaintiff. (Dkt. No. 1). Now before the Court is Defendant's motion to dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. (Dkt. No. 136). Plaintiff opposes the motion. (Dkt. Nos. 140–42). Defendant has replied and filed a related motion to strike. (Dkt. Nos. 146–48). For the reasons below, Defendant's motion to dismiss is denied.

II.   **BACKGROUND**

A review of the docket in this case, which was filed in 2016, shows that discovery has been slow-going, due in part to the delayed filing of a separate action arising out of the same shooting incident, *Maddox et al. v. Francemone*, 19-cv-678 (NAM/ATB). On September 17, 2019, Magistrate Judge Baxter ordered that discovery be coordinated in the two cases, with fact discovery to close on July 20, 2020. (Dkt. No. 83). After discovery disputes, the deadline was extended until January 20, 2021 and then May 4, 2021. (Dkt. Nos. 90, 106).

On March 11, 2021, a telephone conference was held at which defense counsel raised issues about allegedly deficient authorizations Plaintiff provided for non-medical records and her failure to submit medical authorizations. (*See* Docket Entry dated March 11, 2021). Magistrate Judge Baxter noted that he would consider entering an order warning Plaintiff that her failure to provide the requested authorizations and comply with her discovery obligations could result in the imposition of sanctions, including the possible dismissal of her case. (*Id.*). Fact discovery was later extended to September 3, 2021. (Dkt. No. 125).

1

After Defendant identified additional deficiencies with Plaintiff's discovery responses, on July 6, 2021, Magistrate Judge Baxter directed Plaintiff to: 1) update and correct the HIPPA Power of Attorney and authorizations provided to defense counsel to address the deficiencies; 2) supplement her interrogatory responses; and 3) respond to the outstanding document demands. (Dkt. No. 128).

On August 19, 2021, another telephone conference was held and Magistrate Judge Baxter found that Plaintiff had failed to comply with her discovery obligations. (Dkt. No. 132). Plaintiff's counsel indicated that they had difficulty communicating with Ms. Tennyson:

> It's hard to do a case without a client, your Honor. It's a very difficult thing to do, you know, and we understand if the Court has to order -- enter whatever kind of order they think is appropriate, but, you know, we've done everything on our part that we could to gain her compliance and we're at our wits' end.

(*Id.*, p. 28). The Court issued an Order directing Plaintiff to address Defendant's outstanding discovery requests by September 16, 2021 and warned her that "**failure to comply with her discovery obligations or to cooperate with her attorneys in complying with the Orders of this Court may result in the imposition of sanctions, including possible dismissal of her action.**" (Dkt. No. 130) (emphasis in original).

On September 17, 2021, Defendant file the pending motion to dismiss for failure to prosecute. (Dkt. No. 136).

### III.   APPLICABLE LAW

Pursuant to Rule 37, if a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders, including sanctions on the non-compliant party. Fed. R. Civ. P. 37(b)(2). The ultimate sanction of dismissal for failure to

2

comply with a discovery order "is a harsh remedy to be used only in extreme situations." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990). In order to impose this severe sanction, the court must first find "willfulness, bad faith, or fault on the part of the party refusing discovery," and also give notice "that violation of the court's order will result in a dismissal of the case with prejudice." *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995). Thus, in exercising its discretion under Rule 37, the Court will consider the following: "(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned that noncompliance would be sanctioned." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013) (internal quotation and citation omitted).

Relatedly, Rule 41 provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In reviewing a district court's exercise of its discretion to grant a Rule 41(b) dismissal for failure to prosecute, the Second Circuit considers the following factors:

> [Whether] (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

## IV.    DISCUSSION

Defendant argues that Plaintiff's case should be dismissed based on her failure to prosecute and comply with discovery obligations. (Dkt. No. 136-10). According to Defendant,

3

for well over a year Plaintiff has failed to provide medical and non-medical authorizations and submit complete and adequate responses to Defendant's Second Demand for the Production of Documents and Second Set of Interrogatories. (*Id.*, pp. 4–5). This led to the July 6, 2021 conference and Magistrate Judge Baxter's Order directing Plaintiff to update and correct the HIPPA Power of Attorney and authorizations, supplement her interrogatory responses, and respond to the outstanding document demands. (Dkt. No. 128).

Nonetheless, Plaintiff failed to comply with that Order, and Magistrate Baxter held another conference on August 19, 2021, at which time Plaintiff's counsel complained that Ms. Tennyson was not cooperative in returning calls and responding to discovery. (Dkt. No. 132). Magistrate Judge Baxter issued an Order warning Plaintiff to comply with her discovery obligations by September 16, 2021 and that her failure to do so "may result in the imposition of sanctions, including the possible dismissal of her case." (Dkt. No. 130). As of September 17, 2021, Defendant asserted that the "vast majority of the items of discovery defense counsel requested more than a year ago are still due." (Dkt. No. 136, p. 6).

In response, Plaintiff claims that the discovery deficiencies alleged by Defendant "have now been cured." (Dkt. No. 142, p. 5). Specifically, Plaintiff asserts that she provided updated authorizations and responded to outstanding discovery requests on August 29, 2021, with supplemental responses on October 28, 2021. (*Id.*) (*citing* Dkt. No. 140). Plaintiff argues that "there was never a failure to prosecute," and that counsel have actively litigated her case and the *Maddox* action by taking fourteen depositions and exchanging thousands of pages of discovery. (*Id.*, pp. 4–5). According to Plaintiff, dismissal is unwarranted and the case should proceed for resolution on the merits. (*Id.*, pp. 6–7).

4

In reply, Defendant contends that Plaintiff's updated authorizations and complete discovery responses *still* have not been received as of November 15, 2021. (Dkt. No. 148-1). As to the authorizations, Defendant claims that on August 29, 2021, Plaintiff's counsel emailed the deficient authorizations dated June 15, 2021 instead of updated ones dated August 29, 2021. (*Id.*, pp. 6–7). Relatedly, Defendant moves to strike Dkt. No. 140-2, on the grounds that it is not a true and accurate copy of the email sent by Plaintiff's counsel on August 29, 2021.[1] (Dkt. No. 146). Defendant also points out that the authorizations in that exhibit cannot be used because important information is redacted. (Dkt. No. 148-1, p. 7). As to the discovery responses, Defendant contends that none were attached to the August 29, 2021 email, and that Defendant did not receive any such responses until October 29, 2021, more than a month after the Court's deadline. (*Id.*, p. 6). Defendant also argues that these belated responses are substantively deficient. (*Id.*, pp. 10–14).

Upon review of the record, it clear that Plaintiff failed to fully and timely comply with the Court's discovery Orders dated July 6, 2021 and August 19, 2021, the latter of which explicitly warned of sanctions. (Dkt. Nos. 128, 130). But if the Court credits the sworn statements of Plaintiff's counsel, they attempted to provide updated authorizations and discovery responses on August 29, 2021. (Dkt. Nos. 140–41). This is consistent with the updated authorizations, which are signed by Ms. Tennyson and dated August 29, 2021. (*See, e.g.*, Dkt. No. 140-2, pp. 22–31). Under these circumstances, it is conceivable that Plaintiff's

---

[1] The Court will address Defendant's Motion to Strike in a separate Order.

counsel innocently neglected to include the updated authorizations and discovery responses in their email of August 29, 2021—which would have been timely.

Based on the forgoing, the Court finds that dismissal is not an appropriate sanction for Plaintiff's failure to comply with the August 19, 2021 discovery Order. First, while Plaintiff was warned that her non-compliance could be sanctioned, it can be charitably inferred that her counsel's lapse was inadvertent rather than willful. Second, Plaintiff has at least attempted to cure the non-compliance by supplementing her discovery responses on October 29, 2021. If Plaintiff has not done so already, she should provide to Defendant the updated authorizations which were omitted from the August 29, 2021 email. Third, there are lesser sanctions available, as discussed below.

The Court also finds dismissal is not warranted for failure to prosecute. To the above reasons, the Court adds the following. Although Plaintiff has dragged her feet in providing information and authorizations, much of the delay in this case is due to the related and more recently filed *Maddox* action. The record shows that Plaintiff's counsel have been active in pursuing both cases. The parallel *Maddox* action also tends to lessen the prejudice to Defendant caused by Plaintiff's delays. Discovery is being coordinated in the two cases, with the same counsel on both sides, and Plaintiff's counsel intends to join the cases for trial. (Dkt. No. 141, p. 2). On November 24, 2021, the parties in the *Maddox* action agreed to extend the final discovery deadline to June 14, 2022. (Dkt. No. 87 in Case No. 19-cv-678). Therefore, it will not substantially prejudice Defendant to permit Plaintiff a short window to cure the alleged deficiencies in discovery. The Court must also consider that Plaintiff's claim in this case is a serious one, and there is a strong interest in seeing a resolution on the merits.

Finally, dismissal is an exceedingly harsh sanction reserved for the most extreme cases. Here, the Court finds that a lesser sanction is appropriate: conditional dismissal.  **That means the Court will grant Plaintiff thirty (30) days to fully cure the deficiencies identified by Defendant, or her case will be dismissed with prejudice**.  Specifically, Plaintiff must provide:

1) A corrected Power of Attorney that would permit Defendant to obtain nonmedical records (or, in the alternative, authorizations that have been executed by Plaintiff herself, rather than her counsel); and

2) A response to the Second Set of Authorizations.

(*See* Dkt. No. 148-1, p. 2).  Further, Plaintiff must supplement her discovery responses from October 29, 2021 to address the issues identified in Defendant's reply papers.  (*Id.*, pp. 10–14). Lastly, Plaintiff must submit a sworn affidavit within thirty (30) days stating that: 1) she intends to pursue her case; 2) she understands her discovery obligations; and 3) she will comply henceforth without delay.

## V.     CONCLUSION

For these reasons, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 136) is **DENIED**; and it is further

**ORDERED** that **Plaintiff shall submit the authorizations, discovery, and affidavit discussed herein within thirty (30) days or her Complaint will be dismissed with prejudice**.

**IT IS SO ORDERED.**

Date:   December 7, 2021
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

7