UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK                    19-678 (NAM/ATB)
-------------------------------------------------------------------X
TANAJEE MADDOX as Administratrix of the          **Memorandum of Law in**
Estate of GARY TERRANCE PORTER,                  **Support of Plaintiffs'**
                                                 **Motion Pursuant to**
                              Plaintiff,          **Fed. R. Civ. P. Rule 42 (a)**
                                                 **To Consolidate Tanajee Maddox**
                                                 **as Administratrix of the Estate of**
            -against-                            **Gary Terrance Porter v**
                                                 **Franceomone 19-678 (NAM/ATB)**
                                                 **with Evelyn Tennyson v**
                                                 **Francemone 16-929 (NAM/ATB)**

SYRACUSE POLICE OFFICER KELSEY
FRANCEMONE sued herein in her capacity
as an individual,
                              Defendant.
-------------------------------------------------------------------X

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EVELYN TENNYSON                                  16-929 (NAM/ATB)
                              Plaintiff,

            -against-

SYRACUSE POLICE OFFICER KELSEY
FRANCEMONE sued herein in her capacity
as an individual,
                              Defendant
-------------------------------------------------------------------X


                    **Plaintiffs' Memorandum in Support**
                **Of Consolidation Pursuant to Fed. R. Civ. P. 42(a)**


                                        Fred Lichtmacher
                                        Co-counsel for Plaintiffs

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE OF THE ACTION ............................................................................................... 1

PROCEDURAL POSTURE.................................................................................................. 2

STATEMENTS OF FACTS.................................................................................................. 3

ARGUMENT.......................................................................................................................... 6

CONCLUSION...................................................................................................................... 8

i

# TABLE OF AUTHORITIES

CASES

Bank of Montreal v Eagle Assoc., 117 FRD 530, 533 [SDNY 1987]...............................7

Columbia Broadcasting System, Inc. v. American Recording and Broadcasting Assoc.,

293 F. Supp. 1400 (S.D.N.Y. 1968)...................................................................................7

Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.,

527 F.2d 966 (2d Cir. 1975).................................................................................................7

Fields v Wolfson, 41 FRD 329, 330 [SDNY 1967].........................................................7

In re Paris Air Crash, 69 FRD 310, 318 [CD Cal 1975].......................................................6

Pierce Consulting Eng'g Co. v Burlington, 15 FRD 23, 25 [D Vt 1953]............................6

STATUTES

42 U.S.C. §1983 .....................................................................................................................1

Fed. R. Civ. P. 1.............................................................................................................6,7,8

Fed. R. Civ. P. 42(a).......................................................................................................6,7,8

Plaintiffs Tanajee Maddox as Administratrix of the Estate of Gary Terrance Porter, and Evelyn Tennyson, by their attorneys the Law Office of Fred Lichtmacher P.C. and Steven T Halperin, of the Law Office of Halperin & Halperin PC, move this Court for an Order to consolidate related cases 19-678 and 16-929 arising out of the same common nucleus of operative facts, and for whatever other further relief this Court deems just and proper.

**Nature of the Action**

On June 19, 2016 during a Father's Day celebration, at the James Geddes housing projects in Syracuse New York, the Defendant in both matters, Police Officer Kelsey Francemone, shot Evelyn Tennyson who was then several months pregnant, through her left leg and she then shot Tennyson's unarmed fiancé Gary Terrance Porter in the back causing his death. These are civil rights actions brought pursuant to 42 U.S.C. §1983.

**Procedural Posture**

Evelyn Tennyson brought suit on July 27, 2016. (Dkt. No. 1, 16-cv-00929-NAM-ATB). Plaintiff Tanajee Maddox brought a Surrogate's proceeding in the County of Onondaga File # 2019-171. Due to difficulties reaching some of the beneficiaries to Porter's estate, it was not until April 4, 2019 when Tanajee Maddox was appointed Administratrix. Maddox received Limited Letters of Administration from the Surrogate, and pursuant to the authority provided by said papers, the Plaintiff brought her action on June 6, 2019. (Dkt. No. 1, 19-678 NAM/ATB).

The day after the instant matter was filed, on June 7, 2019 Plaintiff wrote to the Tennyson Court informing the Magistrate Judge that, "[t]he related case regarding the shooting and killing of Gary Terrance Porter has been filed and was assigned to Judge Hurd and Your Honor under index # 19-678." (Dkt. No. 76; 16-929 NAM/ATB;). On July 12, 2019 Defendant reacted by filing a Notice

-1-

of Related Cases. (Dkt. No 6; 19-678 NAM/ATB).

The possibility of consolidating these two matters was discussed at the next Tennyson conference on September 17, 2019, following which the Court entered the following Text Minute Entry:

> TEXT Minute Entry for telephonic Status Conference held on 9/17/2019 before U.S. Magistrate Judge Andrew T. Baxter: Counsel are appearing for the purpose of this case, as well as case no. 19-cv-678. Court inquires as to how these two cases are going to be coordinated and/or consolidated. After consulting with counsel, discovery is to be coordinated and a more formal consolidation will be addressed at a later date. Court has a lengthy discussion with counsel regarding potential issues that may come up in the Maddox case. Revised pretrial deadlines were established. A follow-up telephonic status conference is set for 11/25/2019 at 2:00 PM. Any briefs regarding issues that need to be addressed at that conference are to be filed by 11/20/2019. Appearances: Fred Lichtmacher, Esq. for plaintiffs; John Powers, Esq. and Mary D'Agostino, Esq. for defendants. Time: 2:00 PM - 2:23 PM. (nmk) (Entered: 09/17/2019)  (16-929 (NAM/ATB))

Subsequent to the Tennyson conference referenced above, depositions generally have been conducted using the captions from both cases. (See Exhibits "1"- "9" the cover pages of the depositions. Exh. "1" Tayshira Rodriguez-Rio; Exh. "2" Arian Drake; Exh. "3" Knariana Hoyle; Exh. "4" Kelsey Francemone; Exh. "5" Tanikia Washington; Exh. "6" Casual Brown; Exh. "7" Luis Zulueta; Exh. "8" Tasheonna Days[1]; Exh. "9" Evelyn Tennyson). These are only some of the depositions which have been conducted and not the entirety of all the depositions which contain both captions and more depositions are scheduled and being scheduled.

On February 3, 2022 a meet and confer was held virtually via Zoom to discuss Plaintiffs' intention to consolidate these two related causes of action. Defendant's counsel indicated they do not consent to consolidation for trial, although in terms of discovery these ctions have been

---

[1]     Tasheonna Days deposition contains two captions, the Maddox caption and due to a court reporter error, the caption of another unrelated case was added instead of the Tennyson caption.

-2-

consolidated since September 17, 2019.

**Statement of Facts Relevant to Consolidation**

There have been over a dozen depositions conducted to date, and most of them produced information relevant to both cases. The facts are briefly the following. As the Father's Day Barbeue was underway, at some point in the early evening, people not attending the party arrived  and began shooting from Tully Street towards Otisco Street to the north. (Exh. 2 Drake 22:4-9). A man in a white tee shirt and possibly others from the party returned fire in the direction of the shooter. (Exh. 3 Hoyle 24:3-15). Porter was wearing a lime green shirt with a dark design on the back which could not be mistaken for a white tee shirt. (Exh. 10 Surrogate's File Photo of Gary Terrance Porter; Lichtmacher Declaration). There is no evidence that even one bullet shot by anyone other than the Defendant struck anyone. (Lichtmacher Declaration). From the witness' accounts Mr. Porter ran from the Stone Court parking lot, where his fiancé Ms. Tennyson was shot. Porter turned left past the DJ booth, and headed west towards Skiddy Park. (Exh. 7 Zueleta 15:9-12). Porter was pursued by the Defendant and shot in the back shortly after he passed the DJ booth. (Exh. 7 Zueleta 15:22-25, 16:1-6). The two shootings appear to have occurred seconds apart with the Defendant not far from the same position as she let off several rounds and struck both of her victims. (Exh. 9 Tennyson 114:2-5, referencing Exh. 101).

Tennyson and the decedent Gary Porter were standing only feet apart when according to the witnesses the Defendant began shooting wildly. (Exh. 6 Brown 14:19-22). Tennyson was struck as she tried to enter her rental car. (Exh. 9 Tennyson 91:18-22). Porter was struck in the back as he ran from the scene due to the havoc largely exacerbated by Francemone. (Exh. 2 Drake 24:24-25, 25:2-9 *Defendant caused havoc).*

The only two fact witnesses Defendant produced are incarcerated. One C.S.,[2] is awaiting trial for murder and the other, Klhalil Davis, received a stiff sentence for crimes involving drugs and guns. (Exh.. "11" printout from the NYS DOC). (Lichtmacher Declaration).  C.S. recanted his prior testimony from a state Court forum given when he was thirteen years old and now admits he was never even at the location, much less present at the Father's Day barbecue. (CS 23:22-25, 24:2-4). The other defense witness, Khalil Davis refused to testify. The bottom line is there is no one other than the Defendant to rebut what numerous witnesses have said about her unjustifiable actions.

It is curious that there are several videos from the Father's Day Barbecue and several of Plaintiffs' witnesses appear on the videos. Yet for some reason almost none of them were questioned by the Syracuse Police Department (SPD), and they are almost all people with jobs and without criminal records. (Lichtmacher Declaration). Nevertheless the only two witnesses the SPD could find to support her version of the events were a felon and a person then thirteen years old and who is presently accused of murder.

Almost all the numerous fact witnesses deposed provide evidence extremely damaging to the Defendant in both cases, and quite literally none of them, corroborate the Defendant's version of the events. The Defendant testified she identified herself as a police officer; she gave the crowd orders to drop their weapons; Porter had a gun; Porter was shooting the gun; and Porter turned multiple times to face her as he ran away from her shooting at him.( Francemone 31:16-19 *Defendant claims she identified herself*; 25:13-21 *Defendant claims she gave orders to crowd*;29:13-15 *Defendant claims  Porter had a gun*; 31:3-5 *Defendant claims Porter was shooting*;27:16-17

---

[2] In an abundance of caution we refer to this witness by his initials, although by now he may no longer be a minor.

*Defendant claims Porter turned to face her*). Not one witness corroborates Francemone identifying herself as an officer; not one witness corroborates Francemone giving commands before shooting; not one witness corroborates Francemone saying drop the weapon; not one witness has Porter shooting a gun; not one witness has Porter in possession of a gun; and not one witness has Porter turning to face Francemone as he was running away from her as she was shooting at his back. (Exh.6 Brown 14:19-22 *Defendant does not identify herself*); (Exh. 1 Rodriguez-Rijos 21:20-15 *Defendant did not give commands*); (Exh. 7 Zueleta 18:16-20 *Porter  did not have a gun*); and (Exh. 1 Rodriguez-Rijos 38:6-14 *Porter did  not  turn to face Defendant as ran*). As veracity is always relevant in a matter such as this and virtually all the fact witnesses listed above and several more contradict every key point of Francemone's testimony, these witnesses clearly have something to contribute to both cases.

Plaintiffs' police procedures expert retired Police Lieutenant Peter Valentine will analyze the same extensive forensic evidence in both cases. He has opined that Tennyson was shot by Francemone, who denies doing so, and his report is due shortly. (Lichtmacher Declaration).

Should these two cases proceed to trial separately almost all the witnesses listed above and several more will have to be called twice, as will the experts as their testimony is relevant and necessary to both matters.

I have tried two cases both to plaintiff's verdicts against the same attorneys representing the Defendant in this Court. Based on my experience at those two trials I anticipate with adversary counsel's method of litigating, each trial should take at least one month, or longer. If consolidated, probably three and possibly four weeks of the Court's time could be saved. So too could the expense to counsel and presumably to the people of Syracuse be lessened by consolidation. (Lichtmacher

Declaration)

**Argument**

Fed. R. Civ. P. 1 and 42(a) weigh heavily in favor of consolidating these two actions.

These two matters arise from the same incident. Besides almost all the same witnesses to both

matters, many of the same documents will be offered. And one major issue, whether the use of

excessive and deadly force was reasonable, is identical in both matters.

**Fed. R. Civ. P. 1**

Fed. R. Civ. P. 1 states as follows:

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

Fed. R. Civ. P. 1 sets the tone for the entirety of the Federal Rules of Civil Procedure. Simply

and concisely stated "the basic purpose of the Federal Rules of Civil Procedure, [is] namely, 'to

secure the just, speedy, and inexpensive determination of every action.'" Pierce Consulting Eng'g Co.

v Burlington, 15 FRD 23, 25 [D Vt 1953].

The most important rule of all is the last sentence of F.R.Civ.P. 1, which provides that the Federal Rules of Civil Procedure 'shall be construed to secure the just, speedy, and inexpensive determination of every action. It is this command that gives all the other rules life and meaning and timbre in the realist world of the trial court. In re Paris Air Crash, 69

FRD 310, 318 [CD Cal 1975])

It cannot be said to be just, speedy or inexpensive, to have two trials; which will cause

witnesses to appear twice; and which will be substantially more expensive for the litigants; more

time consuming for the Court; and could lead to contradictory verdicts, particularly on the issue of

the use of excessive force.

-6-

**Rule 42 (a)**

Fed. R. Civ. P. 42(a) states as follows:

Rule 42. Consolidation; Separate Trials
(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

Consolidation, in matters such as this:

would serve the purpose of avoiding needless duplication of time, effort and expense on the part of the parties and the court in the conduct of pretrial discovery proceedings and of the trial itself. It would also enable the proceedings to be expedited and make for economy and convenience generally in the administration of the litigation. In fact serious prejudice could result to the parties from a failure to consolidate.

Fields v Wolfson, 41 FRD 329, 330 [SDNY 1967].

Economy and convenience are two major factors boding in favor of consolidation in the instant matter. The police experts and medical experts for both sides would have to appear twice and numerous fact witnesses would have to be called for both trials.

"One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results." Bank of Montreal v Eagle Assoc., 117 FRD 530, 533 [SDNY 1987]) Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A., 527 F.2d 966 (2d Cir. 1975), cert. denied, 426 U.S. 936, 49 L. Ed. 2d 387, 96 S. Ct. 2650 (1976); Columbia Broadcasting System, Inc. v. American Recording and Broadcasting Assoc., 293 F. Supp. 1400 (S.D.N.Y. 1968), aff'd, 414 F.2d 1326 (2d Cir. 1969). Because the primary issue here is if Defendant was using excessive and unnecessary force, when according to witnesses she was shooting wildly into the crowd, with separate trials the possibility of conflicting verdicts exists.

-7-

**Conclusion**

No useful purpose would be served by not consolidating these related matters. For the reasons discussed above and in light of the guidelines provided by Fed. R. Civ. P. 1 and 42(a) these two related matters should be consolidated for trial.

Dated: New York, New York
           February 18, 2022

                                        _____
                                        /s/
                                        Fred Lichtmacher 513193
                                        The Law Office of Fred Lichtmacher, P.C.
                                        Co-counsel for Plaintiffs
                                        116 West 23rd Street Suite 500
                                        New York New York 10011
                                        **During the Pandemic Please Use 646 318 3806**
                                        (212) 922-9066
                                        empirestatt@aol.com

To: John G. Powers, Esq.
HANCOCK ESTABROOK, LLP
100 Madison Street, Suite 1500
Syracuse, New York 13202
(315) 565-4500 (Office)
jpowers@hancocklaw.com