UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EVELYN TENNYSON,

                              Plaintiff,

v.                                        5:16-cv-0929 (BKS/ATB)

SYRACUSE POLICE OFFICER KELSEY
FRANCEMONE sued in her capacity
as an individual,

                              Defendant.
_____

TANAJEE MADDOX as Administratrix
of the Estate of GARY TERRANCE PORTER,

                              Plaintiff,

v.                                        5:19-cv-0678 (BKS/ATB)

SYRACUSE POLICE OFFICER KELSEY
FRANCEMONE sued in her capacity
as an individual,

                              Defendant.
_____

**APPEARANCES:**

Fred B. Lichtmacher
The Law Office of Fred Lichtmacher P.C.
116 West 23rd Street, Suite 500
New York, NY 10011
*Attorneys for Plaintiffs*

Hancock Estabrook, LLP
John G. Powers
Mary L. D'Agostino
1800 AXA Tower I, 100 Madison Street
Syracuse, NY 13202
*Attorneys for Defendants*

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**ORDER**

Now before the Court is Plaintiffs Evelyn Tennyson and Tanajee Maddox's renewed request to consolidate the above-captioned cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. (*See* Dkt. No. 191 in Case No. 5:16-cv-0929 and Dkt. No. 178 in Case No. 5:19-cv-0678). Plaintiffs argue that these cases should be consolidated because they stem "from the same shootings, on the same date, by the same defendant during the same party seconds apart," and "Plaintiffs will be calling essentially all the same fact witnesses using the same experts and will be presenting the same evidence in both cases." (*Id.*).

As background, Plaintiffs previously made a motion to consolidate these two cases, based on the same arguments. (*See* Dkt. No. 160 in Case No. 5:16-cv-0929 and Dkt. No. 114 in Case No. 5:19-cv-0678). On May 18, 2022, the Court (Mordue, J.) reserved decision on Plaintiffs' motion. (*See* Dkt. No. 179 in Case No. 5:16-cv-0929 and Dkt. No. 162 in Case No. 5:19-cv-0678). The Court found that Plaintiffs' motion was premature because discovery was still ongoing and was being coordinated in the two cases, dispositive motions had yet to be filed, and a date for trial had not been set. (*Id.*, at 4). All of which remains true today.

Accordingly, for the reasons stated in the Court's May 18, 2022 decision, it is hereby

**ORDERED** that Plaintiff Evelyn Tennyson's motion to consolidate (Dkt. No. 160 in Case No. 5:16-cv-0929) is **DENIED without prejudice** to renew upon the completion of discovery and dispositive motion practice; and it is further

**ORDERED** that Plaintiff Tanajee Maddox's motion to consolidate (Dkt. No. 114 in Case No. 5:19-cv-0678) is **DENIED without prejudice** to renew upon the completion of discovery and dispositive motion practice; and it is further

**ORDERED** that this Order shall be entered in Case No. 5:16-cv-0929 & Case No. 5:19-cv-0678; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated: March 2, 2023

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge